# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6449 | **DATE** | 12/3/2010 |
| **CASE TITLE** | Maisha Hamilton v. Office of Illinois Attorney General, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [4] is granted. The filing fee is waived. The court directs, however, that summons shall not issue. The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and FED. R. CIV. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Maisha Hamilton, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. As Plaintiff has demonstrated that she is indigent, her motion to proceed *in forma pauperis* is granted.

Under 28 U.S.C. § 1915(e)(2)(B), the court is required to conduct a prompt review of complaints brought *in forma pauperis* and to dismiss the case if the court determines that it fails to state a claim upon which relief may be granted or seeks relief against a party immune from liability. As explained here, the court concludes Ms. Hamilton's complaint should be dismissed for both of these reasons.

As best the court can understand it, Plaintiff's complaint alleges the following: In January 2005, Plaintiff was wrongfully punished for a crime without being duly convicted. On April 27, 2008, Plaintiff was wrongfully taken into custody at the St. Louis, Missouri Medium Security Institute based on fraudulent warrants from the Chicago Police Department. On October 7, 2008, Plaintiff was brought to Cook County, Illinois, pursuant to a void extradition order. According to Plaintiff, officials in the State of Virginia were involved in a conspiracy to issue the void warrant that resulted in her extradition. She has named some fifty-eight Defendants, including the then-governors of Illinois, Missouri, and Virginia; the mayors of Chicago and St. Louis; the judges and prosecutors in Illinois and Missouri who were involved in her 2005 conviction and subsequent detainment in Missouri and extradition to Illinois; and essentially any individual who signed any document related to her extradition or was involved in her transport to and detention in Illinois. And she asserts fifty-eight "causes of action" in her complaint, consisting of nothing more than labels – for example, "slavery and involuntary servitude;" "forced labor;" "trafficking into peonage, involuntary servitude, and forced labor;" "public accommodations-Hotwire hotels;" "education-law school;" and "privacy, family-DCFS children."

Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to give the defendant "fair notice" of the nature of the claim and the basis for it. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must plausibly suggest that the plaintiff has a right to relief. *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 779 (7th Cir. 2007). Those tests are not met here. Although Plaintiff has described events in January 2005 and in April and October 2008, her claims for relief consist of nothing more than labels, followed by references to state and federal constitutional provisions. She offers no explanation for how her factual allegations support her purported claims, nor even any identification of which of the 58 Defendants are responsible for any of the alleged wrongdoing. To the extent any of the allegations purport to state claims against judges or judicial employees for actions in their judicial capacity, those Defendants are, of course, immune.

| STATEMENT |
|---|

In most instances, where a complaint fails to state a claim for relief, the court will permit the plaintiff to submit an amended pleading. The court declines to do so here. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (leave to amend need not be granted when the amendment would be futile). Plaintiff's allegations and purported causes of action are factually and legally frivolous as that standard is defined and discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). *See also Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) ("A claim is factually frivolous if its allegations are bizarre, irrational, or incredible."). In reaching this conclusion, the court takes judicial notice that Plaintiff filed essentially the same suit against the same Defendants in the United States District Court of Missouri on the same day that she filed this case. In fact, the complaint Plaintiff filed in this court includes dozens of references to provisions of the Missouri Constitution, with the word "Missouri" stricken through and the letters "IL" handwritten in the margin. The Missouri complaint was dismissed as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B). *See Hamilton v. Nixon*, Case No. 4:10 CV 1908 TIA, Opinion, Memorandum and Order of Oct. 14, 2010) (Autrey, J.)) The court notes, further, that Plaintiff Hamilton filed several *pro se* complaints in this court in 2005 and 2006, many of which were efforts to interfere with or forestall state prosecutions, and all of which were promptly dismissed. Ms. Hamilton also made several attempts to intervene in the criminal prosecution of former Illinois Governor Rod Blagojevich. The district judge rebuffed those attempts, and the Court of Appeals affirmed. Ms. Hamilton's challenges to the actions of governmental officials in this case likewise do not state claims for relief. The complaint is dismissed.

If Plaintiff wishes to appeal this dismissal, she may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c).

*Rebecca R. Pallmeyer*